**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Lana Vo**, | No. 2:20-cv-00745-DJH |
| Plaintiff, | |
| v. | **PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS** |
| **Air Duct Specialists LLC**, et al. | |
| Defendants. | |

Pursuant to the Federal Rules of Civil Procedure 55, and the Court's January 12, 2021 Order (Doc. 39), Plaintiff Lana Vo respectfully requests that the Court enter judgment by default against Defendants Air Duct Specialists LLC, Timothy Ebert, and Jane Doe Ebert (collectively "Defendants").

**I.     Procedural History.**

Plaintiff filed her Complaint seeking unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA") and unpaid minimum wages and unpaid wages under the Arizona Minimum Wage Act ("AMWA") and the Arizona Wage Act ("AWA") against Defendants on March 28, 2020. Doc. 1. All Defendants were served on or before

June 14, 2020.  Docs. 7, 8, 11.  Defendants' Answers were due on or before July 5, 2020.  Defendants have failed to plead or otherwise defend and are now in default.  The Clerk of the Court entered default against Defendants on July 24, 2020.  Doc. 15.  Plaintiff now seeks default judgment against Defendants.  In support of this request, Plaintiff relies upon the record in this case and her declaration submitted (attached as "**Exhibit A**").

**II.     Legal Standard**

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Once a party has been defaulted, a court may enter a default judgment.  Fed. R. Civ. P. 55(b).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Televideo Sys. Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient."  *Elektra Entrnm't Group v. Bryant*, No. 03-6381, 2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004).  In determining damages, the Court can properly rely on declarations submitted by the Plaintiff.  Fed. R. Civ. P 55(b)(2).

**III.    Argument**

**A.    Plaintiff has Met the *Eitel* Factors**

The Ninth Circuit has articulated factors the Court should consider in deciding whether to grant a monetary default judgment.  Those are: (1) the possibility of prejudice to the Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**1.    Possibility of Prejudice to the Plaintiff.**

The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered.  *Id*.  Prejudice exists where, absent entry of default judgment, the plaintiff would lose the right to a judicial resolution of its claims and it would be without other recourse of recovery.  *See generally Elektra Entm't Group, Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005).

By virtue of their default, Defendants have admitted the allegations of the Complaint.  Because Defendants are refusing to participate in this litigation, a default judgment stands as Plaintiff's only remaining act of recourse in this matter.  This factor weighs heavily in favor of default judgment.

**2.    The Merits of the Claim and the Sufficiency of the Complaint**

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover."  *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002).

As stated above, after the Clerk enters default, the factual allegations of the complaint are taken as true. *Televideo Sys.*, 826 F.2d at 917-918.

### 3. The Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico*, 238 F.Supp.2d at 1176. Plaintiff worked for Defendants during approximately two workweeks at an hourly rate of $12. Ex. A, at ¶¶ 6-8. Plaintiff claims 15 hours at the agreed rate of $12 per hour that went completely uncompensated by Defendants. *Id*.

In Exhibit A, Plaintiff provides a damage calculation. Plaintiff worked approximately 15 hours during her employment, but she was never paid any wage whatsoever for such time worked. *Id.*, at ¶ 9. The damage calculation shows that Plaintiff is owed $180 in unliquidated damages. *Id.*, at ¶¶ 9-11. As also discussed below, Defendant Timothy Ebert has been in contact with Plaintiff's counsel, has had ample time to plead in response to the allegations in the operative Complaint, and still has not pleaded.

### 4. The Possibility of Dispute Concerning Material Facts

There is no dispute concerning the material facts because the factual allegations of Plaintiff's complaint are taken as true at this default stage. *Marcelos v. Dominguez*, No. 08-0056, 2009 WL 113383, at *4 (N.D Cal. Jan. 15, 2009). The fifth *Eitel* factor weighs in favor of default.

### 5. Whether Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether Defendants; default resulted from excusable neglect. *Eitel*, at 1471-72.  The Ninth Circuit has said "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominical Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

Here, Defendants have actual notice of the filing of the action.  Plaintiff served Defendant Timothy Ebert personally for himself and for his spouse.  Docs. 7-8. Defendant Air Duct Specialists LLC's statutory agent statutory agent waived service on April 21, 2020.  Doc. 11.  Because Defendants had knowledge of the matter and because Defendants were served personally, Defendants have actual knowledge of the action and the default was not due to excusable neglect.

Plaintiff's counsel personally spoke with Defendant Timothy Ebert on multiple occasions regarding this case after Mr. Ebert had finally been served on June 14, 2020. On multiple occasions, Mr. Ebert attempted to resolve the case, but those efforts were ultimately unsuccessful.   Thereafter, on July 22, 2020, Plaintiff's counsel filed the Amended Application for Entry of Default (Doc. 13), and default was entered on July 24, 2020.  (Doc. 15).

### 6. The Policy Favoring a Decision on the Merits

The final *Eitel* factor considers the preference for deciding cases on the merits. However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc. v.*

*Caridi*, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004). Courts have concluded that "this factor does not weigh very heavily." *Id*.

As shown above, Mr. Ebert and Defendants have been aware of the lawsuit since being served with the lawsuit. They have purposefully evaded responding to it. Defendants have had ample time to answer or otherwise respond. Rather than participate and seek a decision on the merits of the claim, Defendants have chosen to ignore the lawsuit altogether. Defendants cannot plausibly argue that they must have a decision on the merits after ignoring this lawsuit for months despite actual knowledge of the lawsuit and their obligations.

Therefore, Plaintiff has met all of the *Eitel* factors and the Court should enter default judgment against Defendants Air Duct Specialists LLC, Timothy Ebert, and Jane Doe Ebert.

**B.     The Court Should Grant a Liquidated Damages Award**

The FLSA provides that any employer who violates the minimum wage provision is liable not only for the unpaid compensation but also "[a]n additional equal amount as liquidated damages." *Chao v. A-One Medical Service, Inc.*, 346 F.3d 908, 919-20 (ith Cir. 2003) (quoting 29 U.S.C. § 216(b), ruled unconstitutional on other grounds by *Alden v. Maine*, 527 U.S. 706, 712 (1999)); *see also Fontes v. Drywood Plus, Inc*. No. CV-13-1901-PHX-LOA (D. Ariz. Dec. 2, 2013). Double damages are the norm and single damages are the exception. *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003). This means that Plaintiff's federal minimum wage damages of $108.75 ($7.25 * 15) must be doubled to a total of $217.50.

In addition, the AMWA requires liquidated damages be awarded in "an amount equal to twice the underpaid wages." Arizona Revised Statutes ("A.R.S.") § 23-364(G). This means that Plaintiff's Arizona minimum wage damages of $165 ($11 * 15) must be trebled to a total of $495. Because this amount engulfs Plaintiff's federal minimum wage damages, $495 is the appropriate total minimum wage award.

In addition, the AWA requires all unpaid wages damages be trebled; specifically, "if an employer…fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355. This means that the $1.00 difference between Plaintiff's unpaid regular rate of pay and the minimum wage–a total of $15 for 15 hours that Defendants did not compensate Plaintiff at all–must also be trebled, for a total of $45. As such, Plaintiff's total unpaid wages are $180, and must be trebled, for a total of $540.

Considering the foregoing, Plaintiff should be awarded total damages in the amount of $540 exclusive of attorneys' fees and costs, which both the FLSA and AMWA require. 29 U.S.C. § 216(b); *see also* A.R.S. § 23-364.

**C.  Plaintiff is Entitled to Recover Attorneys' Fees and Costs**

Plaintiff is entitled to his attorneys' fees and costs pursuant to 20 U.S.C § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The award of attorney's fees in such a proceeding is mandatory and is added to the amount of unpaid wages and liquidated damages. *See Orozco v. Borenstein*, 2013

WL 655119, at *1 (D. Ariz. February 21, 2013) ("It is not only appropriate to award fees to a successful plaintiff, it is mandatory.").

"A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The District of Arizona has recognized that, where the filing of an action causes a defendant to pay unpaid wages to an FLSA plaintiff–even without a judgment–, that plaintiff becomes the prevailing party and entitled to fees. *Orozco v. Borenstein*, 2013 WL 4543836, at *2 (D. Ariz., August 18, 2013). If the Court enters default judgment, Plaintiff will be the prevailing party for purposes of 29 U.S.C § 216(b) and entitled to her attorneys' fees and costs. Pursuant to LRCiv 54.2, Plaintiff will file a motion for attorneys' fees following the award of a default judgment.

## IV. Conclusion

Based on the foregoing, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, individually and collectively, in the amount of $540.

Plaintiff further requests that the Court allow him to file a motion for attorneys' fees and costs following the award of a default judgment.

Plaintiff further requests that these amounts be augmented further by post-judgment interest pursuant to 28 U.S.C § 1961 and costs and attorneys' fees incurred by Plaintiff in the collection of the amounts awarded herein.

RESPECTFULLY SUBMITTED the 13th Day of January 2020.

BENDAU & BENDAU PLLC

/s/     *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th Day of January, 2021, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system. A copy of the foregoing was also sent via First Class Mail to the following:

Air Duct Specialists, LLC, via
Rodney A. Knight, its
Registered Statutory Agent
14362 N. Frank Lloyd Wright Blvd., Suite 1000
Scottsdale, AZ 85260

Timothy Ebert
9419 E. San Salvador, Unit 105B
Scottsdale, AZ 85258

Jane Doe Ebert
9419 E. San Salvador, Unit 105B
Scottsdale, AZ 85258

Timothy Ebert
13859 E. Geronimo Rd.
Scottsdale, AZ 85259

Jane Doe Ebert
13859 E. Geronimo Rd.
Scottsdale, AZ 85259

/s/ *Clifford P. Bendau, II*