1
2
3
4
5
6                IN THE UNITED STATES DISTRICT COURT
7                    FOR THE DISTRICT OF ARIZONA
8
9    Lana Vo,                                    No. CV-20-00745-PHX-DJH
10              Plaintiff,                        **ORDER**
11   v.
12   Air Duct Specialists LLC, et al.,
13              Defendants.
14

15          Pending before the Court is Plaintiff's Motion for Attorneys' Fees (Doc. 47).  The
16   Court previously entered default judgment in favor of Plaintiff and allowed her to file the
17   present Motion.  (Doc. 45).  Defendant has failed to appear or otherwise defend in this
18   action.

19   **I.      Background**

20          In April 2020, Plaintiff brought this action alleging claims under the Fair Labor
21   Standards Act ("FLSA"); the Arizona Minimum Wage Act ("AMWA"); and the Arizona
22   Wage Act ("AWA").  (Doc. 1 at ¶ 1).  Plaintiff timely served Defendant Air Duct
23   Specialists LLC on April 21, 2020 (Doc. 11) and Defendants Timothy Ebert and Jane Doe
24   Ebert on June 14, 2020.  (Docs. 7, 8).  Despite proper service and settlement discussions,
25   Defendants failed to answer or otherwise respond.  (Doc. 47 at 2).  On March 25, 2021, the
26   Court entered judgment in Plaintiff's favor and awarded her $540.00.  (Doc. 45).  Plaintiff
27   now seeks an award of attorneys' fees and costs.

28          For the following reasons, the Court grants Plaintiff's Motion.

**II.      Attorney Fee Award**

A party seeking an award of attorney's fees must show it is eligible and entitled to an award, and that the amount sought is reasonable.  LRCiv 54.2(c).

### a.  Eligibility

For FLSA actions, courts "shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant . . . ."  29 U.S.C. § 216(b).  Because Plaintiff brought FLSA claims and was awarded a monetary judgment, Plaintiff is eligible for an award under the FLSA.

### b.  Entitlement

To be entitled to an award, Plaintiff must have prevailed in this matter.  For FLSA purposes, the prevailing party is the one that "succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)); *see also Haworth v. State of Nev*., 56 F.3d 1048, 1052 (9th Cir. 1995) (applying *Hensley's* analysis of when a plaintiff prevails to an FLSA case).

Here, by virtue of the Default Judgment in this matter (Doc. 45), Plaintiff is the prevailing party in this action and is therefore entitled to an award of attorneys' fees and costs.

### c.  Reasonableness

The Court will use the lodestar method to assess Plaintiff's proposal because this is a statutory award.  *See Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).  Under the lodestar method, courts determine the initial lodestar figure by taking a reasonable hourly rate and multiplying it by the number of hours reasonably expended on the litigation.  *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) (citing *Hensley*, 461 U.S. at 433).  To determine whether an award is reasonable, courts assess the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976); *see also* LRCiv 54.2(c)(3).  Once this initial lodestar figure is calculated, courts may then adjust the result by considering "other factors."  *Blanchard*, 489 U.S. at 94.

Plaintiff's Motion goes through the relevant *Kerr* factors and requests a total award for fees and costs of $10,198.33.  (Doc. 47 at 5).  The Court will review Plaintiff's request for attorney fees under the *Kerr* factors.

1.  Plaintiff represents this case required 27.4 hours of counsel's time.  (*Id.* at 6).  Upon review of counsel's log, the Court finds that this is a reasonable amount of time spent on the matter.  (Doc. 47-4 at 2–4).

2.  Because of the default judgment, the Court finds there were no challenging legal questions.  Plaintiff's counsel also confirmed "this was a straightforward claim."  (Doc 47. at 6).

3.  Plaintiff's counsel represents that the legal issues raised by the FLSA are sophisticated and require extensive knowledge of the law, despite its otherwise straightforward nature.  (*Id.* at 7).  The statute is complex and requires strong legal skills necessary to identify issues and present them persuasively to the court.  (*Id.*)  Without the assistance of Plaintiff's counsel, Plaintiff likely would not have obtained such results.

4.  Plaintiff's counsel represents that he was not precluded from other employment.  (*Id.* at 7).

5.  Plaintiff's counsel asserts that his hourly rate of $378.75 is reasonable.  (*Id.* at 7).  Upon review, the Court agrees.

6.  Plaintiff's counsel represents that he worked on a contingency basis.  (*Id.*)

7.  Plaintiff's counsel represents that neither the client nor the circumstances of the

1    case imposed any time limitations on this matter.  (*Id.* at 9).

2    8.  Although the amount in controversy is not significant, Plaintiff's counsel

3        successfully won the amount sought—$540.00.

4    9.  According to Plaintiff's counsel, he is an experienced attorney who is familiar

5        with FLSA matters.  (Doc. 47-5 at ¶ 5).  Plaintiff's counsel has been practicing

6        law in Arizona since 2013 and is the managing attorney at his firm.  (*Id.* at ¶¶ 1,

7        13)

8    10. While Plaintiff's counsel does not argue that the case was undesirable, he notes

9        that FLSA cases taken on a contingent basis involve financial risks since there

10       is no guarantee of fees.  (*Id.* at ¶ 9).

11   11. Prior to this case, Plaintiff has never been represented by this counsel.  (Doc. 47

12       at 10)

13   12. Plaintiff references several cases for awards in similar actions.  (*Id.* at 4).  He

14       also notes he has been awarded an hourly rate of as much as $445 by multiple

15       Courts throughout the country but given that he has not been awarded such a rate

16       by this Court, he requests fees relative to a default judgment (as opposed to a

17       contested matter).  Therefore, Plaintiff does not seek a rate higher than the

18       $378.75 previously awarded by this Court.  *See Knapp v. Invictus Protective*

19       *Services, et al.*, Case No. 2:19-cv-00878-DWL, ECF. No. 21 (D. Ariz. June 7,

20       2019).  The Court finds that this is a comparable and instructive case to the

21       present one.

22   Overall, the Court finds that a reasonable rate for Plaintiff's counsel is $378.75 per

23   hour and that the 27.4 hours spent are reasonable.  The Court further finds the $843.20 in

24   out-of-pocket costs reasonable.  The Court will therefore award Plaintiff attorney fees of

25   $10,198.33.

26   Accordingly,

27   **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs

28   (Doc. 47) is **GRANTED** under the Fair Labor Standards Act.  The Court approves an

attorney's fees and costs award in the amount of $10,198.33, for which Defendants are jointly and severally liable.

Dated this 4th day of October, 2021.

Honorable Diane J. Humetewa
United States District Judge